CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 0 3 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **HENRY J. LUCAS, JR.,** | ) | **Civil Action No. 7:11-cv-00608** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **S.K. YOUNG,** | ) | **By:    Hon. Michael F. Urbanski** |
| **Respondent.** | ) | **United States District Judge** |

Henry J. Lucas, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his state-court convictions

were obtained in violation of the Sixth and Fourteenth Amendments of the United States

Constitution. Respondent filed a motion to dismiss, and petitioner responded, making the matter

ripe for disposition. After reviewing the record, the court grants respondent's motion to dismiss.

## I.

On October 11, 2007, the Circuit Court of Culpeper County entered petitioner's criminal

judgment for rape, forcible sodomy, abduction, grand larceny, credit card theft, and violation of a

protective order after a bench trial. The Circuit Court sentenced petitioner to serve a total of 38

years in prison and 360 days in jail but suspended 20 years. The Court of Appeals of Virginia

affirmed the convictions, and the Supreme Court of Virginia refused petitioner's appeal on

October 23, 2009, and denied a petition for rehearing on January 20, 2010.

Petitioner filed a state habeas petition with the Supreme Court of Virginia on October 27,

2010, arguing multiple instances of ineffective assistance of counsel. The Supreme Court of

Virginia considered the claims and dismissed the state habeas petition on June 2, 2011, and

denied a petition for rehearing on September 21, 2011. Petitioner filed the instant habeas

petition on December 21, 2011. Petitioner presents one due process claim and three ineffective

assistance of counsel claims:

(1)     The evidence was insufficient to prove petitioner used force to commit rape, forcible sodomy, and abduction;

(2)     Trial counsel was ineffective for "compel[ling] petitioner into waiving his right to a speedy trial" and for failing "to protect petitioner from the court making petitioner's leg amputation contingent upon petitioner waiving his right to trial by jury";

(3)     Trial counsel was ineffective for failing to present "exculpatory impeachment evidence" from the preliminary hearing to impeach the victim's trial testimony; and

(4)     Trial counsel was ineffective for not objecting to the victim's "inadmissible hearsay testimony" about the grand larceny charge.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground

that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). A federal court may grant a habeas petition for any claim which

the state court adjudicated on the merits only if the state court decision was contrary to, or an

unreasonable application of, clearly established federal law or based on an unreasonable

determination of the facts.[1] 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable

application of" federal law is based on an independent review of each standard. Williams v.

Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is "contrary to" federal law if the

decision "arrives at a conclusion opposite to that reached by [the United States Supreme] Court

on a question of law or if the state court decides a case differently than [the United States

Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. A failure to cite

---

[1] Respondent acknowledges that petitioner presented the four claims sub judice to the Supreme Court of Virginia. See 28 U.S.C. § 2254(b) (mandating exhaustion).

2

established United States Supreme Court precedent does not render a decision "contrary" to federal law. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. This reasonableness standard is an objective one. Id. at 410.

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). "A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 849 (2010). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

A.    PETITIONER'S CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE MUST BE DISMISSED.

Petitioner first argues that the evidence was insufficient to prove that he used force to commit rape, forcible sodomy, and abduction.[2] The Supreme Court of Virginia declined to consider this claim on direct appeal because the Court of Appeals of Virginia held that the evidence was sufficient to convict petitioner of these crimes. See Ylst v. Nunnemaker, 501 U.S.

---

[2] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

3

797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis). The court reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> [P.L.] married [petitioner] on August 5, 2005, and [] they separated on December 10, 2005. [P.L.] testified that on February 5, 2006, she discovered that the balance in her savings account was low. She learned the money had been transferred to her checking account and that [petitioner] had written himself a check from the joint checking account. [P.L.] confronted [petitioner] regarding the transfer and [petitioner] agreed to return the money, but did not. [P.L.] obtained a protective order against [petitioner] a few days later. Later that month, [P.L.] awoke one night to discover [petitioner] standing in her bedroom doorway. [P.L.] obtained a knife to protect herself, but [petitioner] grabbed it from her and pushed [P.L.] into a closet. [Petitioner] positioned himself in front of the door and threatened to kill her. [P.L.] pleaded with [petitioner] not to harm her and discussed reconciling as a way to calm him. [Petitioner] eventually allowed [P.L.] out of the closet and, out of fear, she continued talking with him. They spent time in a hot tub and [P.L.] did not stop [petitioner] from kissing her. She testified she submitted to oral sex and sexual intercourse because she feared if she did not, [petitioner] would hurt her. The following morning, [P.L.] fled the house and contacted the police.
>
> [P.L.] later discovered that a credit card was missing from her wallet. Purchases had been made with the card after it was missing and receipts for those purchases were located in [petitioner's] vehicle. [P.L.] admitted she had previously allowed [petitioner] to use her card, but testified she did not give him permission to take her card or make the purchases in question.

4

<u>Lucas v. Commonwealth</u>, No. 2602-07-4, slip op. at 5-6 (Va. Cir. Ct. June 27, 2008). <u>See</u> Tr. Tran. 152, 158, 165, 169, 170, 174, 183-208, 217-26.

Plaintiff complains that the trial court misconstrued the evidence because the victim testified inconsistently, saying at trial that petitioner both pulled and pushed her into the closet but saying at a preliminary hearing, "I guess I went in first."[3] Petitioner argues that this discrepancy proves no force occurred because the victim "went in [the closet] first." Petitioner concludes that the victim's accusations of force were "a ruse."

Petitioner does not present clear and convincing evidence that the state court resolved any factual issue incorrectly. The trial court gave more weight to the credibility of the Commonwealth's witnesses, including the victim's testimony that petitioner pulled and pushed her into the closet, versus the defense witnesses. <u>See</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses). Petitioner uses the victim's quote that she "went in [the closet] first" out of context, and her consistent testimony explained how petitioner intimidated her and physically forced her into the closet. Petitioner's additional allegations of a "switched knife" and missing fingerprints on duct tape are baseless conclusions not entitled to an assumption of truth.

After reviewing the trial transcript and evidence in the light most favorable to the Commonwealth, the court finds that any rational trier of fact could have found beyond a

---

[3] The actual testimony on direct examination during the preliminary hearing was:
> [H]e pushed me – pushed me down to my knees and pulled me into the closet, and I was trying at first to get around the closet. I was biting his hands. I was – I was kicking. I was trying to get my leg out to keep the door open and he just pulled me in and pushed himself back against the door . . . .

(Prelim. H'rg Tran. 39.) The victim testified on cross examination during the preliminary hearing, "He had me like this, pulled me down and then pulled me around into the closet so actually <u>I guess I went in first</u>." (<u>Id.</u> at 74.)

5

reasonable doubt that petitioner committed rape[4], forcible sodomy[5], and abduction[6]. Petitioner attacked and threatened to kill the victim. Petitioner's attack stopped only because the victim stopped fighting, pleaded for mercy, and convinced petitioner that they could work out their relationship. The victim submitted to the sexual contact to placate petitioner and to keep him from resuming his attack, and submission to sexual intercourse by fear does not constitute consent. Sutton v. Commonwealth, 228 Va. 654, 663, 324 S.E.2d 665, 670 (1985). Petitioner used threats, intimidation, and physical force to engage in sexual contact and to move the victim into the closet, regardless of whether he either pushed or pulled the victim, how he describes which hands did what, or the extent of the victim's lip injury. Accordingly, this claim must be dismissed.

B.    PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL MUST BE DISMISSED.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S.

---

[4] Virginia Code § 18.2-61(A) read in pertinent part:
> If any person has sexual intercourse with a complaining witness, whether or not his or her spouse . . . and such act is accomplished . . . against the complaining witness's will, by force, threat or intimidation of or against the complaining witness . . . he or she shall be guilty of rape.

[5] Virginia Code § 18.2-67.1(A) read in pertinent part:
> An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, annilingus, or anal intercourse with a complaining witness whether or not his or her spouse . . . and . . . [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation or of against the complaining witness . . . .

[6] Virginia Code § 18.2-47(A) read in pertinent part:
> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of "abduction" . . . .

6

at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

Petitioner alleges that counsel was ineffective for waiving the right to a speedy trial and for failing "to protect petitioner from the trial court making petitioner's leg amputation contingent upon waiving" the right to a jury trial. The Supreme Court of Virginia dismissed the speedy trial claim because petitioner did not waive the right to a preliminary hearing, and thus, the Commonwealth could not legally seek an indictment until a juvenile and domestic relations court judge certified the charges against him. The Supreme Court of Virginia dismissed the jury trial claim because petitioner knowingly, intelligently, and voluntarily waived the right to a jury trial.

7

The Supreme Court of Virginia's resolution of these claims were not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. The speedy trial period had not been violated despite the delay in seeking an indictment. The state court record reveals that petitioner suffered from "reflex sympathetic dystrophy," a chronic pain condition that results in "continuous, intense pain" for which there is no long-lasting treatment to relieve the symptoms. Petitioner's condition "confined him to a wheelchair" and "inflicted him with chronic and persistent pain." Counsel asked the trial court for a competency evaluation to ensure petitioner had the necessary capacity due to intense pain that "was often so intense that he was unable to concentrate on any particular matter" for more than a brief period of time. The trial court advised counsel and petitioner that a competency evaluation would take 60 days, which required the trial to be continued. Petitioner told the trial court that he understood what trial counsel was requesting, a delay in the trial for at least 60 days would be necessary, the continuance of the trial was being made at his request, and he was waiving his speedy trial rights.

Counsel also asked the trial court to accommodate petitioner's ailments during trial by scheduling the trial over multiple days and shortening the time each day petitioner would have to sit in court. The trial court said that those accommodations were possible during a bench trial but not a jury trial. Counsel later informed the trial court that petitioner would be willing to waive a jury trial for a three-day bench trial with breaks, and the trial court asked trial counsel to waive the right to a speedy trial to facilitate that request. Counsel conferred with petitioner and agreed to waive the right to speedy trial. After being advised about the right to a jury trial, petitioner specifically waived that right and requested a bench trial. Therefore, the record reveals

8

that the bench trial resulted from petitioner's knowing and voluntary waiver of the right to a jury trial and that the trial court never "conditioned" petitioner's leg amputation on a waiver of that right. Accordingly, petitioner's first ineffective assistance of counsel claim must be dismissed.

Petitioner argues that counsel was ineffective for not presenting the victim's testimony from the preliminary hearing at trial. Petitioner alleges that this testimony established that the victim consented to sexual contract with petitioner without fear or intimidation.

The Supreme Court of Virginia's resolution of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. The Supreme Court of Virginia recognized that the victim acknowledged during counsel's cross examination at trial that she kissed and hugged petitioner in the hot tub, touched his penis, and never told him that she did not want to have sex. The victim also admitted that she fell asleep after sex, did not attempt to leave when she awoke at 8:00 a.m. or later when she was in bed alone, and did not try to use the cell phone in the bedroom. The victim explained on re-direct examination, however, that her actions were motivated by fear that petitioner would carry out his threats to kill her. Therefore, counsel elicited the testimony during cross examination, repeatedly argued to the trial court that the victim consented to sexual contact. Counsel obtained from the victim on cross examination the very testimony that petitioner claims should have been presented from the preliminary hearing. This, counsel did not perform deficiently, and this claim must be dismissed.

Petitioner claims that counsel was ineffective for not objecting to the victim's "inadmissible hearsay"[7] about the grand larceny charge and for not arguing that the stolen money

_____

[7] Petitioner does not specifically identify the hearsay testimony.

9

belonged to the bank and not the victim. The Supreme Court of Virginia rejected the claim because that the trial court correctly viewed the monetary loss as being taken from the victim's separate property and not from a bank, despite counsel's arguments.

The Supreme Court of Virginia's resolution of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Petitioner obtained the victim's online credentials, logged in as her, and transferred money from her bank account to petitioner and the victim's joint account. (Tr. Tran. 158-69.) Petitioner then withdrew the money from the joint account and kept the money from the victim. The victim discovered the money was transferred between the accounts, and petitioner told her that he transferred and withdrew the money. Based on the evidence, the testimony was not hearsay and established that petitioner took the victim's money. Thus, counsel was not ineffective for not making a meritless argument about unspecified hearsay evidence and bank property, and this claim must be dismissed.

### III.

After reviewing the record, the court denies petitioner's motions to strike[8]; grants respondent's motion to dismiss, dismisses the petition, and denies as moot petitioner's motions to remand to state court for further proceedings, to expand the record, for a continuance, and for subpoenas. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

---

[8] Petitioner filed motions to strike two specific state court records that respondent filed: trial counsel's affidavit and petitioner's indictments. These documents are properly filed with the court, pursuant to Rule 5(b) of the Rules Governing § 2254 Cases, and the motions to strike are denied.

10

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying

Order to petitioner and counsel of record for respondent.

ENTER: This ___ 3rd ___ day of August, 2012.

/s/ Michael F. Urbanski
United States District Judge

11